IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HOWARD BYFORD                                                                                    PLAINTIFF

v.                                                        CIVIL NO. 20-5156

ANDREW M. SAUL, Commissioner
Social Security Administration                                                          DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Howard Byford, appealed the Commissioner's denial of benefits to this Court. On May 19, 2021, the Court entered its Order adopting the Report and Recommendation and remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**1.   Background**

On June 18, 2021, Plaintiff filed a motion for an award of $6,163.85 in attorney's fees, costs and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 9.0 hours of legal work before the Court during 2020 at an hourly rate of $203, 19.0 hours in 2021 at an hourly rate of $206, and costs/expenses of $422.85. (ECF No. 25).  Defendant responded on July 1, 2021, objecting to a portion of the hours claimed by Plaintiff. (ECF No. 27).

**2.   Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the

1

government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.") An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified

attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39[1], which references the CPI- South Index, the Court has determined that an enhanced hourly rate based on a cost-of-living increase is appropriate.

3. **Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 24). Defendant consented to the remand and does not contest Plaintiff's claim that he is the prevailing party. The Court construes the lack of opposition as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of fees in the amount of $6,163.85. This request includes 9.0 hours of legal work during 2020 at an hourly rate of $203, 19.0 hours during 2021 at the rate of $206 per hour, and costs/expenses of $422.85. These hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized an hourly rate of $203 in 2020 and a rate of $206 for 2021.

While Defendant has no objection to the hourly rate claimed, it takes issue with 4.2 of the hours claimed by Plaintiff. Defendant objects to (a) email communications between the counsel

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2020 – 247.289 x 125 divided by 152.4 (March 1996 CPI – South) = $202.82/hour ~ $203
2021 – 250.693 x 125 divided by 152.4 (March 1996 CPI – South) = $205.62/hour ~ $206.

and Plaintiff confirming representation and the fee agreement; (b) preparation of the Summons and Complaint and Civil Cover Sheet; and (c) communications with Plaintiff regarding activities in his case including Judge assignment, filing of green cards, an order of extension and fee award. Defendant contends that these hours are pre-complaint work, or alternatively, administrative or alternatively, excessive.

The Court has reviewed counsel's itemized statement, observing most of the total time expended was reviewing the transcript and medical abstracts and writing the Plaintiff's appeal brief with the remainder spent on related tasks such as supplementing authorities; preparing letters, summons, and necessary forms; reading pleadings and docket entries; and communicating with Plaintiff. While the Court is governed by *Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) with respect to compensable administrative tasks, the Court disagrees with *Pelts v. Colvin,* 2017 WL 1230855 (W.D. Ark. April 3, 2017) that preparation of a Complaint is "purely clerical in nature." To the contrary, this Court finds preparation of the Complaint is a compensable attorney task under the EAJA. Similarly, letters to opposing counsel and communications to one's client regarding the status of their case are not administrative tasks but properly the work of an attorney and in the Court's opinion, Plaintiff's claimed time on August 17, 2020 (.2 hours); August 24, 2020 (.7 hours for complaint and letters); and May 21, 2021 (.3 hours for letter to client) is neither non-compensable nor excessive. The Court does agree with Defendant that certain itemized tasks on August 18, 2020 (.5 hours); August 24, 2020 (1.5); and August 25, 2020 (.2 hours) should not be compensated at the approved attorney hourly rates. However, rather than eliminate them entirely, the Court finds these legal tasks properly entrusted to a paralegal and compensable at the rate of $75 per hour. Additionally, the Court finds that billing .5 hours on November 3, 2020, for reading an Order is excessive and should be reduced by

.4 hours and compensated for .1 of an hour at the paralegal rate, and time on August 24, 2020 (.1 hours) related to pay.gov confirmation and on September 11, 2020 (.2 hours) related to the filing of the green cards are both clerical and non-compensable tasks. *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at [even] a paralegal rate regardless of who performs them."). The Court finds the remainder of the time expended over ten (10) months unchallenged and reasonable.

Based on the foregoing, the undersigned recommends that Plaintiff be awarded an attorney's fee award of $5,132.00 under the EAJA for 25.0 hours of legal work performed by his counsel during 2020-2021 at the respective rates of $203 (6.0 hours) and $206 (19.0 hours) along with $172.50, representing 2.3 hours of paralegal work at the rate of $75.00 per hour, and recovery of Plaintiff's certified mailing fees in the amount of $22.85. *See Jones v. Barnhart,* 2004 WL 2297857 (E.D. Ark. August 30, 2004) (claimant allowed to recover postage as a reasonable expense under the EAJA). Plaintiff is also entitled to recover his filing fee of $400 which is payable from the Judgment Fund of the Treasury, and not by the Social Security Administration under the EAJA. 28 U.S.C. § 1920(1) and § 2142(c)(1); 31 U.S.C. § 1304. **The total of Plaintiff's recommended fee award is $5,727.35, and this amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be award in the future.** Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant. However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 6th day of July 2021.

                              */s/    Christy Comstock*
                              HON. CHRISTY COMSTOCK
                              UNITED STATES MAGISTRATE JUDGE